### CEREALINE MANUF'G CO. v. BATES et al.

(Circuit Court, D. Indiana. January 2, 1897.)

No. 9,015.

1. PATENTS—DISCLAIMER—BROADENING CLAIM.
   An element of a combination claim cannot be eliminated by a disclaimer, so as to broaden the claim, or make it rest on other elements than those on which it was predicated when issued.

2. SAME—IMPROVEMENT IN BREWING.
   The Gent patent, No. 262,761, for an improvement in the art of brewing malt liquors, held not infringed.

This was a suit by the Cerealine Manufacturing Company against Hervey Bates and Hervey Bates, Jr., for alleged infringement of a patent.

Rowland Cox and Miller, Winter & Elan, for complainant.

Duncan & Smith, Charles Martindale, and Robt. H. Parkinson, for defendants.

BAKER, District Judge.   This is a suit for the alleged infringement of letters patent No. 262,761, dated August 15, 1882, and granted to Joseph F. Gent, assignor, for an improvement in the art of brewing malt liquors.   The complaint is in the usual form, and the answer sets up noninvention and noninfringement.   The claim of the patent is as follows:

"In the art of brewing malt liquors from barley, malt, and corn, the process of mashing, which consists in steeping a percentage, as set forth, of hulless corn flakes simultaneously with malt and hops, whereby the preliminary cooking of the corn product is eliminated from the mashing process, and the subsequent fermentation improved."

- By a disclaimer filed November 16, 1894, pending the suit, the claim of the patent was changed to read as follows:

"In the art of brewing malt liquors from barley, malt, and corn, the process of mashing, which consists in steeping a percentage, as set forth, of hulless corn flakes simultaneously with malt, whereby the preliminary cooking of the corn product is eliminated from the mashing process, and the subsequent fermentation improved."

The claim, as it stood at the time of the alleged infringement, as well as at the time the suit was brought, was for "the steeping of a percentage of hulless corn flakes simultaneously with malt and hops."   Assuming the quick malt of the defendants to be identical in character and composition with the corn flakes of the complainant, there is no evidence in the record showing that the defendants, or any one with their knowledge or consent, ever steeped quick malt simultaneously with malt and hops in the brewing process.   Nothing more can be claimed to have been done or authorized by them than that they sold "quick malt" to be steeped with malt, without the use of hops, in the process of brewing; hence no infringement is shown unless the disclaimer has broadened the complainant's claim, and has a retroactive effect, in giving a right to recover on grounds on which no recovery could have been had as the claim was originally drawn and allowed by the patent office.   This is not the office of a disclaimer.   A patent cannot be broadened by a disclaimer, nor made to rest upon other elements than those on which it was predicated when allowed and issued.   There were two elements, namely, "malt and hops," with which the corn flakes were required to be simultaneously steeped, as specified in the patent when it was granted.   The elimination of one element, namely, "hops," clearly broadens the claim.   If one element may be disclaimed out of a combination patent, there would be no limit to the changes which might be effected; and, if a retroactive operation were to be given to such a disclaimer, the door would be open to great fraud and oppression.

For these reasons, the bill will be dismissed for want of equity, at the cost of the complainant.